# Martin *v.* The State.

*Indictment for Murder.*

1. *Criminal responsibility of infant.*—An infant, between seven and fourteen years of age, is *prima facie* incapable of committing a felony; but the presumption may be rebutted by clear proof that he possesses the requisite knowledge and capacity, and it decreases with the increase of years.

2. *Confessions of infant.*—The *corpus delicti* being proved by evidence *aliunde,* a conviction of felony may be had against an infant under fourteen years of age on his confessions alone, if clearly established, and accompanied with full proof of his legal capacity.

3. *Proof of age by opinion.*—The question being whether the defendant was under or over the age of fourteen years at the time of the offense with which he is charged, a witness who had known him seven or eight years can not testify that, "in his opinion, or judgment," he was between fifteen and sixteen years old.

4. *Proof of character of deceased.*—A witness for the defense, in a prosecution for murder, having testified that the deceased "was a fussy boy," he can not be allowed to state, on cross-examination, "that he had not the character of being a bad boy."

5. *Proof of mental capacity of infant.*—When the issue involves the criminal responsibility of an infant, under fourteen years of age, for a felony, a witness may be asked, "Is he a smart boy?" and may answer, "He is tolerably bright."

6. *Self-defense; retreat from one's house.*—A man may defend himself in his own house or domicil, without retreating from it; but, having retreated from it, he can no longer invoke this principle, nor strike with a deadly weapon, unless it reasonably appears to be necessary to save himself from grievous bodily harm.

FROM the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

The defendant in this case, James Martin, was indicted for the murder of Lewis Bullard, "by striking him on the head with a rock;" was convicted of manslaughter in the first degree, and sentenced to the penitentiary for the term of five years. The defendant was a negro boy about fourteen years old, his exact age being disputed; and the deceased was a negro boy about seventeen years old. They were both laborers on the farm of A. G. Henry, ate their meals at the house of Mr. Thrift, the foreman on the place, and occupied the same room in the yard. The difficulty between them occurred about ten o'clock at night, after the defendant had undressed and gone to bed, commencing in a trifling quarrel, when no one

was present but themselves. The evidence showed that the deceased took the defendant's knife out of his pocket, threatened to kill him, and struck at him with a plank or stick, as the defendant ran out of the room; that he "pursued the defendant outside of the gate, threatening to kill him, whereupon the defendant picked up a rock about as big as his two fists, turned quickly and threw it at the deceased," striking him on the side of the head, and fracturing his skull; and the deceased died, four or five hours afterwards, from the effects of the blow. The defendant went at once to the house of one Pink McCain, where he found said McCain, his wife, and Griff Proctor, whom he told that he had knocked Bullard in the head with a rock, and thought he had killed him; and said McCain and Proctor then went to the spot, and carried the deceased into the house.

The bill of exceptions states, "There was no conflict in the evidence concerning the circumstances of the difficulty, except certain declarations, or confessions, said to have been made by defendant to said McCain, his wife, and said Proctor, soon after the difficulty occurred." Each of them was examined as a witness for the State, and stated the defendant's declarations in varying language: "That they fell out because the deceased threw his knife away; that the deceased was making at him with a stick when he struck, but he knocked hell out of him;" "He threw my knife away, and I told him I'd kill him, and I done it too;" "He said, if I wanted to fight, to go out, and he'd fight; we went out, and I hit him on the head;" "He said he'd throw my knife away, and I told him I'd kill him, and I done it. He did'nt believe it, but now he sees." After all the evidence was in, the defendant "moved to exclude said declarations or confessions from the jury, on the ground that the defendant was at that time under fourteen years of age; but no point was made that the same were not voluntary." The court overruled the motion, and defendant excepted.

"As to whether the defendant was under or over fourteen years of age at the time of the killing, the evidence was conflicting. F. Gilbreath testified, that the defendant was about fifteen or sixteen years old; but, upon examination by defendant, said that this was only his opinion, or judgment—that he had known defendant only seven or eight years, and did not know when he was born." The defendant thereupon moved to exclude the testimony of said witness, and excepted to the overruling of his motion. Will Martin, a brother of the defendant, having testified that he was under fourteen years of age, was asked on cross-examination, "Is Jim a smart boy?" and answered, "He is tolerably bright." To this question and

answer each the defendant objected, and excepted to their allowance. Thos. Swords, a witness for the defendant, testified that the deceased was, "you might say, a fussy boy—not much fussy;" and was asked on cross-examination, "if deceased had the character of being a bad boy; "and answered, "that he could not say he had a bad character." To this question and answer each, on cross-examination, the defendant objected, and excepted to their allowance.

On this evidence, the defendant asked the following charges in writing, duly excepting to their refusal:

" 1.   If, from all the evidence, the jury are not satisfied beyond all reasonable doubt of the defendant's guilt, and that he did not have a reasonable ground to apprehend an attack, then they must find him not guilty."

" 2.   If the jury believe from the evidence that the fatal blow was struck with a rock picked up on the spur of the moment, without previous selection or preparation; then they should not presume that the defendant struck with malice, from the use of the rock alone."

" 3.   Even though the jury should be satisfied from the evidence that the defendant is the guilty agent, and that he committed the act charged in the indictment; yet, if they further find that he was at the time under fourteen years of age, they must acquit him, unless they are further satisfied by the evidence, beyond all reasonable doubt, that he was at the time of sufficient intelligence to be fully aware of the nature and consequences of the act, and that he plainly showed intelligent malice in the manner of executing it.

" 4.   If the jury believe from the evidence that the defendant was under fourteen years of age at the time of the killing, then his admissions to McCain and wife and Proctor, or any other admissions, can not be considered by the jury, as he was too young in law to be bound by his admissions.

" 5.   If the jury believe from the evidence that the defendant was not at fault in bringing on the difficulty, and that the deceased was pursuing him with a stick, rock, or other weapon, when he threw the rock at the deceased; defendant was not bound to retreat, but might strike in his defense; and if he did this, and did not use more force than was reasonable under all the circumstances to repel the assault, then he would be justifiable, although death may have resulted from the blow.

" 6.   If the jury find that the house at which the difficulty occurred was the house where the defendant lived, and that he worked in the field by day, and got his meals at the house of Thrift, his employer, and slept by night in the house where the killing occurred; then this house was his home, and his

castle in law, and he was not bound to retreat, if attacked there, but might stand his ground, and defend himself, and use just such force as was reasonable and necessary to defend himself; and if he did nothing more, and death ensued from the blow struck by him, he would be justifiable, and should be acquitted.

" 7.   Great bodily harm, in law, means to deprive one of the use of some member of his body, or some permanent and lasting injury.

" 8.   If the jury are reasonably satisfied from the evidence that the defendant was without fault in bringing on the attack, and that the deceased was pursuing him with a stick or other weapon, and that he struck the deceased with a rock as shown by the evidence, and did so to resist the assault, and that the weapon used was only such as was reasonable under the circumstances, and not disproportionate to the assault on him by the deceased; then he was justifiable, the killing would be self-defense, and he should be acquitted.

" 9.   If the jury find from the evidence that the deceased, at the time the blow was struck, was making an assault on the defendant; and that the defendant, in resisting said assault, used force not greatly disproportionate to the character of the assault, and death accidentally resulted; this would be self-defense, and the jury should acquit him.

" 10.   If the jury find from the evidence that the deceased, at the time the blow was struck, was making an assault on the defendant; and that the defendant, in resisting said assault, used force not greatly disproportionate to the character of the assault, and death resulted by misadventure; then the jury should acquit him.

" 11.   If the jury find from the evidence that the defendant was under fourteen years of age at the time of the killing, then they will disregard the declarations made by him to McCain and wife and Proctor, if they find he made any admissions to them.

" 12.   If the jury believe from the evidence that the deceased was making an assault on the defendant's person, and that the defendant employed only such force as is ordinarily necessary to resist such an assault, and did not use a weapon, the natural, reasonable, and probable result from the use of which is death; then they must acquit the defendant, notwithstanding death did actually ensue.

" 13.   If the jury believe from the evidence that the defendant did not intend to kill the deceased, but merely employed that force necessary to resist an assault which the deceased was at the time making on him, and death accidentally resulted;

[Martin v. The State.]

and that the defendant did not use a weapon the use of which would reasonably, naturally, and ordinarily produce death, then they must find him not guilty.

"14. Though the jury should find from the evidence that the defendant threw the rock, but find that he was under fourteen years of age at the time, they can not convict him, unless the proof convinces them beyond all reasonable doubt that he was fully aware of the nature and consequences of the act, and that in the commission of it he bore actual malice to the deceased. In the case of a person over fourteen years old, the law sometimes presumes malice, but never in the case of a person under that age. Malice then is a question of fact to be proved, and to be determined by the jury, just as any other fact is proved and determined; and this fact the State must prove beyond all reasonable doubt.

"15. Though the jury should find that the defendant threw the rock which caused the fatal result, but further find that he was under fourteen years of age at the time, they must find him not guilty, unless they are further satisfied by strong and convincing testimony, beyond all reasonable doubt, that he was fully aware of the nature and consequences of the act he was committing, and unless he plainly showed intelligent malice in the manner of executing the same; and a mere personal appearance of intelligence and shrewdness is not sufficient to warrant the jury in concluding that he possessed the requisite degree of understanding. Such an appearance may exist in a mind too immature to incur legal guilt. That he possessed the requisite degree of understanding, if it be a fact, must be shown by the testimony just as any other fact must be shown.

"16. If the jury believe from the evidence that the defendant is under fourteen years of age, then he is presumptively incapable of committing crime, and, to overcome this presumption, the jury must be convinced from the evidence, and not from his mere personal appearance, beyond all reasonable doubt, that he knew fully the nature of the act and its consequences, and showed plainly intelligent design and malice in the manner of executing it; and in determining the question whether or not he possessed the necessary knowledge and discretion to render him accountable, the jury will consider in his favor that he is a little negro, and shown to have had but little educational training."

BROWN, HOLLIDAY & STREET, for appellant.—(1.) An infant, under fourteen years of age, can not be convicted upon his own confessions.—1 Hale's P. C. 27; *Godfrey v. State*, 31 Ala. 323; Whart. Amer. Crim. Law, 6th ed., § 60; 1 Bish. Crim. Law,

[Martin v. The State.]

§ 370. (2.) In the case of adults, guilty knowledge and malicious intent are presumed from the nature of the act; but, in the case of infants under fourteen years, these necessary ingredients of every crime must be proved, like every other fact, beyond all reasonable doubt.—*Godfrey v. State*, 31 Ala. 323; 3 Bla. Com. 23, 24; Whart. Am. Crim. Law, §§ 58–9. Charges 3, 14 and 15 ought to have been given. (3.) A mere personal appearance of shrewdness, or general intelligence, is not sufficient to authorize the jury to find that the defendant understood the nature of the act he was doing.—1 Bish. Crim. Law, § 372; Bish. Crim. Proc. § 637. (4.) Gilbreath and Magee should not have been allowed to state their opinions as to the defendant's age.—1 Greenl. Ev. § 440, notes; *Marshall v. State*, 49 Ala. 21; *Cummings v. State*, 58 Ala. 387; *Hames v. Brownlee*, 63 Ala. 277. (5.) The testimony of Swords was not competent.—3 Greenl. Ev., § 25, notes; 1 *Ib.* § 55, notes; 1 Phil. Ev. 469, notes; 2 Russ. on Crimes, 784; Best on Presumptions, § 153. (6.) The question propounded to Will Martin called only for his conclusion, and ought not to have been allowed. (7.) Charge No. 1 does not state the doctrine of reasonable doubt as favorably to the defendant as it really is. (8.) Charge No. 2 ought to have been given. Where the facts and circumstances are all in evidence, no one circumstance can be singled out, and malice inferred from it.—*Eiland v. State*, 52 Ala. 322. (9.) Charge No. 6 should have been given. The house at which the difficulty occurred was the home of the defendant.—*Jones v. State*, 76 Ala. 8. (10.) Charges 8, 9, 10, 12, and 13 correctly state the law of resistance to an assault.—*Judge v. State*, 58 Ala. 406; 1 Bish. Crim. Law, §§ 861, 863, 867.

WM. L. MARTIN, Attorney-General, for the State.—(1.) The presumption as to the incapacity of an infant to commit crime, when between the ages of seven and fourteen, is rebuttable, and varies with the fact of each particular case, decreasing with the increase of years.—1 Whart. Crim. Law, § 68; 1 Bish. Crim. Law, 7th ed., § 370; 4 A. & E. Encyc. Law, 684–5. (2.) Confessions of an infant, otherwise competent, are admissible as evidence against him in the same manner as in the case of adults.—4 Amer. & E. Encyc. Law, 685; 1 Bish. Crim. Law, § 370; 1 Bish. Crim. Proc. § 1231; 1 Whart. Crim. Law, §§ 68, 74. (3.) Witnesses who had known the defendant several years, were competent to express their opinion, or judgment, as to his age.—Lawson on E. & O. Evidence, 473. (4.) The testimony that defendant was a " tolerably bright boy," was relevant to the issue raised by his defense of mental incapacity

arising from infancy.   (5.)   The character of the deceased for
violence, or turbulence, having been put in issue by the de-
fendant, it was competent for the prosecution to show that he
was "not a bad boy."—*Hussey v. State*, 87 Ala. 121. (6.)
The doctrine of retreat from one's own house does not apply
in this case, both parties having left the house before the fatal
difficulty ; and to make out a case of self-defense, it must ap-
pear that the defendant, when the fatal blow was struck, was,
or appeared to be, in imminent peril of life or limb.—*Jones v.
State*, 76 Ala. 8 ; *Cleveland v. State*, 86 Ala. 1 ; *Cribbs v. State*,
86 Ala. 613. (7.)   The 2d charge was misleading, and invaded
the province of the jury.—3 Brick. Digest, 216, §§ 525–6. (8.)
Charge No. 3 exacts a higher degree of proof than the law
requires.—4 Amer. & E. Encyc. Law, 684.    (9.) Charge No. 7
is not a correct definition of grievous bodily harm.—1 Archb.
Cr. Pl. & Pr. 872.

STONE. C. J.—The defendant was indicted for murder, and
was convicted of manslaughter in the first degree.   The ac-
cused was a youth about fourteen years old ; but whether he
was under or over that age, was a controverted question be-
fore the jury.   Most of the questions reserved have some
relation to that inquiry.

There is a common-law principle, venerable for its age, that
in case of a minor between seven and fourteen years of age,
the presumption is, that he or she had not the requisite guilty
knowledge of the wrongfulness or wickedness of the act
charged, to authorize a conviction of felony.   But the pre-
sumption is only *prima facie*, and may be rebutted by clear
evidence of a mischievous discretion, or by proof of knowl-
edge of good and evil, which knowledge must be distinctly made
to appear from the evidence.—4 Amer. & Eng. Encyc.
of Law, 684.    In 1 Wharton Cr. Law, (9th Ed.) § 68,
the principle is thus stated :   "Between the age of seven
and fourteen, responsibility is conditioned on capacity.
If it appears that a child within these limits is *capax doli*,
which is to be determined by the circumstances of the
case, he may be convicted and condemned.    . . .   As to a
child between seven and fourteen, the presumption is rebut-
table, the burden of overcoming it being on the prosecution ;
the intensity of the proof varying with age and other circum-
stances."    And, in 1 Bish. Cr. Law, (7th Ed.) § 390, that
author says :   "Evidently the presumption of incapacity de-
creases with the increase of years.   There is a vast difference
between a child a day under fourteen, and one a day over
seven."

[Martin v. The State.]

*Godfrey v. State*, 31 Ala. 323, presented the question we are considering. Godfrey was about eleven or twelve years old when he committed the homicide for which he was tried. He was indicted and tried for murder, and found guilty as charged. The trial court, in charging the jury, among other things, said, " that if they were satisfied that the defendant was the guilty agent, and that the charge was established as alleged in the indictment, they must ascertain whether the defendant was of sufficient age and intelligence to be capable of committing the offense, and to be held accountable for his acts ; · that no one under the age of seven .years should be responsible for the commission of a felony ; that from seven to fourteen years of age, the presumption was that a child had not sufficient discretion or judgment to be held accountable for his acts, when charged with a felony, but that this presumption might be rebutted by evidence ; that they must take into consideration his condition as a negro and a slave, with all the evidence in the case ; and that unless they were satisfied from the evidence that he was fully aware of the nature and consequences of the act which he had committed, and had plainly shown intelligent malice in the manner of executing the act, they should render a verdict of not guilty ; but, if, on the whole evidence, they were satisfied beyond a reasonable doubt that he was fully aware of the nature and consequences of the act he committed, and had plainly shown intelligent design and malice in its execution, they would be authorized to return a verdict of guilty.'" This court, in a very careful opinion, based on many authorities, pronounced a full approval of the foregoing charge, and affirmed the judgment of conviction.

We fully approve the principles declared in *Godfrey's Case*, and will follow them.

Another important legal inquiry is raised by the rulings of the trial court. To what extent, and under what limitations, are confessions of a person under fourteen years old to be received as criminating evidence, when such person is on trial for a felony? It has been often said, that such confessions can not be made the basis of a conviction, without proof *aliunde* of the *corpus delicti;* that is, that the alleged crime has been committed by some one. Such proof was made in this case. It was shown that the deceased came to his death by a violent blow on the head, fracturing his skull. We think we follow the weight of authority, and reason as well, when we hold that, the *corpus delicti* being otherwise shown, a conviction of felony may be had against a defendant under fourteen years of age, on confessions alone, if clearly established, and if it be fully proved that the accused was *doli capax*, under the care-

39

[Martin v. The State.]

ful rule declared in *Godfrey's Case.*—4 Amer. & Eng. Encyc. of Law, 685, and note 6; 1 Bish. Cr. Law (7th Ed.), § 370, n. 8; 1 Whar. Cr. Law, § 74, and notes; *State v. Guild*, 5 Halst. 163; *Rex v. Thornton*, 1 Moody, 27; *Com. v. Smith*, 119 Mass. 305; 1 Bish. Cr. Proc. (3d. Ed.), § 1231.

Another question is raised as to the manner of proving the age of the accused. A witness, Gilbreath, testified, against defendant's objection, that in his opinion or judgment he was fifteen or sixteen years old. He stated he had known defendant about seven or eight years, and that the testimony he gave was only his opinion, or judgment. The court erred in receiving this evidence, which was, at most, a mere inference or opinion of the witness. The authorities are not in harmony on this question. It is sometimes said a physician may give his opinion as an expert; but we need not decide that. What we decide is, that a non-expert can not give his opinion on the question of age. Jurors, seeing the prisoner, may and will draw their inferences, based on his appearance; but we hold it would be too perilous to allow a non-expert witness to give his opinion in such a case as this, even if a physician should be permitted to do so.—1 Whar. Cr. Law, § 73; 4 Amer. & Eng. Encyc. of Law, 685, n. 5. *Weed v. State*, 55 Ala. 13, construed in the light of the facts, is not opposed to this principle.

Possibly witnesses could speak with some confidence of the probable age of an infant in the arms of its nurse; but development, after that stage, is so unequal, that it would be dangerous to receive opinion evidence, at least of a non-expert upon a question of such vital importance to the accused. *Weed v. State, supra.*

The Circuit Court did not err in allowing witnesses acquainted with the accused to give evidence that he was, or was not, of bright or quick mind. It would seem difficult to prove it in any other way. Such proof was received in *Godfrey's Case.* Nor did the court err in any other ruling on the evidence to which exception was reserved, except one. It was attempted in defense to show that deceased had a violent temper, or disposition. The circumstances of this case authorized such proof, if it could be made.—*King v. State*, pp. 612–17, and authorities cited. In rebuttal, the State was permitted to prove that deceased "had not the character of being a bad boy." The court erred in this. In common parlance, the two traits—character for violent temper, and bad boy—are not one and the same. One may have a hasty or violent temper, and yet, in common acceptation, not be regarded as a bad boy. Amiable,

peaceable, slow to anger, make up the antithesis to quick or violent temper.

All the testimony tended to show that the accused was near, if not quite fourteen years of age, when the homicide was committed. The Circuit Court did not err in refusing to exclude all evidence of defendant's confessions. We have seen that, in a case like this, such confessions are not, as matter of law, illegal evidence. Their sufficiency was for the jury. If they, together with the other testimony, amounted to that fuller measure of proof which is required when the defendant is ascertained to be under fourteen, then the defendant was properly convicted, whether he had attained the age of fourteen or not.

Under the foregoing rules, we hold that the Circuit Court did not err in refusing to give charges 1, 2, 4, 11, 15, 16. Charges 1, 4 and 11 are clearly bad under the rules we have declared. The first is faulty, because it misplaces the burden of proof as to reasonable apprehension of an attack. The others are fatally bad. Charges 15 and 16 are argumentative, and were rightly refused on that account. An additional fault is found in the fact that they deny to the jury the privilege of considering the appearance of defendant in determining his age.

It is true that one in his own domicil may defend himself without retreating therefrom.—*Roberts v. State*, 68 Ala. 156; 9 Amer. & Eng. Encyc. of Law, 606. If, however, he has retreated from his domicil and inclosure, and he attempts afterwards to defend himself, the principle which excuses one from retreating from his own domicil is no longer applicable. *Watkins v. State*, 89 Ala. 82. He may not then strike with a deadly weapon, unless it reasonably appears to be necessary to save himself from grievous bodily harm. The doctrine of retreat, or continued retreat, would apply in the case supposed. 3 Brick. Dig. 219, § 574. These remarks apply to charges 5 and 8, asked by defendant.

Charges 3, 6, 7, 9, 10, 12, 13 and 14 ought to have been given.

Reversed and remanded.