**CHENAULT v. STATE.**

8 Div. 946.

Court of Appeals of Alabama.

Jan. 16, 1940.

S. A. Lynne, of Decatur, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The evidence for the State tended to prove the charge as laid in the indictment,

and that the assault had been made with a pistol. The evidence for the defendant tended to prove a clear case of self defense, and that the defendant was free from fault in bringing on the difficulty; that he shot under an impending necessity to protect himself from death, or grievous bodily harm, and under circumstances wherein he could not retreat without increasing his peril.

 In presenting the issues to the jury the Judge trying the case, as a part of his oral charge, said: "Now then, did he use a pistol on this occasion, by shooting? If so, the law says a pistol is a deadly weapon. The law says malice may be presumed from the use of a deadly weapon in a case like this." This excerpt from the Court's Oral Charge was properly excepted to by the defendant and presents for our consideration the question as to whether or not this was reversible error.

There are cases where the above quotation could, perhaps, be given without error; but where the facts would justify a finding of guilt in a lower degree, or an acquittal, the charge is erroneous unless it has coupled with it the additional statement "unless the evidence which proves the killing rebuts the presumption."

In Hornsby v. State, 94 Ala. 55, 10 So. 522, 526, in a case using a charge similar to the one at Bar it was said: "Whenever there are any facts testified to on a trial for murder, and which are necessary and are relied upon to sustain the charge of murder, and a jury could legally infer from the facts proving the offense that the defendant acted in self-defense, or the homicide was the result of sudden passion, engendered by sufficient provocation, and without malice, it is error to charge the jury as to the presumptions arising from the use of a deadly weapon, without accompanying such charge with the further statement, '*unless the evidence which proves the killing rebuts the presumption.*' (Italics ours.) When the facts which prove the killing, do not tend to rebut the presumption which the law raises from the use of a deadly weapon, then it becomes incumbent on the defendant by other evidence to rebut the presumption, and, failing to meet this burden the presumptions of law are conclusive against him."

The above is quoted with approval in the case of Berry v. State, 209 Ala. 120, 95 So. 453.

For the reasons above given, the giving of the charge excepted to is error to a reversal and, in addition to the above, we might add it was a charge upon the effect of the evidence without there being a request in writing by the State.

Refused Charge One omits that element which requires the defendant to be free from fault in bringing on the difficulty before he can invoke the doctrine of self defense.

Refused Charge B is abstract, and is calculated to mislead the jury.

We find no other error necessary for us to consider.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.