39 So.2d 395

## WRIGHT v. STATE.

### 6 Div. 692.

Supreme Court of Alabama.

March 17, 1949.

A. A. Carmichael, Atty. Gen. and Francis M. Kohn, Asst. Atty. Gen., for the State.

Wilkinson & Skinner, of Birmingham, for appellant.

LAWSON, Justice.

The appellant was indicted for murder in the first degree by a grand jury of Jefferson County, Alabama, and after trial upon said indictment was convicted of murder in the second degree. Her punishment was fixed by the jury at imprisonment in the penitentiary of this state for a period of forty years. Judgment and sentence were in accord with the verdict.

Walter O. Wright, the husband of appellant died on October 5, 1947, as the result of a pistol wound which he received on the preceding night. The shooting took place in a cafe, sometimes referred to in the evidence as "Nick's Barbecue," located at the

48

corner of Fifth Avenue and 21st Street in the City of Birmingham.

The trial court gave to the jury the State's requested written charge no. 3: "I charge you, Gentleman of the Jury, that malice is presumed from the use of a deadly weapon."

In Hornsby v. State, 94 Ala. 55, 66, 10 So. 522, 526, the trial court gave at the instance of the State a written instruction very similar in its effect to the charge here under consideration. Although the opinion in that case does not so expressly state, it was evidently concerning that charge that the opinion contains the following language: "Whenever there are any facts testified to on a trial for murder, and which are necessary and are relied upon to sustain the charge of murder, and a jury could legally infer from the facts proving the offense that the defendant acted in self-defense, or the homicide was the result of sudden passion, engendered by sufficient provocation, and without malice, *it is error to charge the jury as to the presumptions arising from the use of a deadly weapon, without accompanying such charge with the further statement, 'unless the evidence which proves the killing rebuts the presumption.'* * * " (Emphasis supplied.)

■ Under the evidence in this case the foregoing language is directly applicable to written charge no. 3 given at the State's instance. We are persuaded that the giving of said charge without the qualifying phrase "unless the evidence which proves the killing rebuts the presumption," was prejudicial error, such as to call for a reversal of the cause. Berry v. State, 209 Ala. 120, 95 So. 453; Chenault v. State, 29 Ala.App. 148, 193 So. 326.

■■ Written charges 1 and 2, given at the request of the State, should not have been given, although we do not base our reversal of the cause on that action of the court. Charge no. 1 is not even a correct statement of an abstract principle of law. It applies the provisions of § 175, Title 14, Code 1940, to all persons, which, of course, includes those expressly exempt from the requirements of said section by the terms of the jury the provisions of § 173, Title 14,

Code of 1940. But as written we think it of § 176, Title 14, supra. Charge no. 2 was no doubt intended to bring to the attention is misleading and confusing. For instance, it refers to a crime of violence but does not define such a crime.

A large number of written charges were given at the request of the defendant. Only three were refused. They were either properly refused as erroneous or, if proper, were covered by the numerous charges given for the defendant. § 273, Title 7, Code 1940; Hurston v. State, 235 Ala. 213, 178 So. 223.

Many questions were reserved on rulings upon the admission or rejection of testimony. We do not deem it necessary to treat all of them since the cause must be reversed on another ground. However, we think that reference should be made to certain general principles which may be applicable to another trial of the cause.

■ The reputation of the deceased for violence and turbulence was inadmissible until there was evidence before the court and jury tending to show that the defendant acted in self-defense. Green v. State, 143 Ala. 2, 39 So. 362; Watson v. State, 181 Ala. 53, 61 So. 334; Smith v. State, 197 Ala. 193, 72 So. 316; Lambert v. State, 208 Ala. 42, 93 So. 708; Russell v. State, 219 Ala. 567, 122 So. 683. Counsel for defendant kept insisting upon the trial of this cause that such was not the rule and that the defendant could introduce such evidence prior to any showing of self-defense, under the rule stated in Fields v. State, 47 Ala. 603, 11 Am.Rep. 771, to the effect that such evidence is competent and proper to enable the jury to determine the degree of the offense and the character of the punishment. But, to that extent, the decision in Fields v. State, supra, was in effect overruled in Green v. State, supra. The ruling in the Green case has been followed in this state.

■■ In cases where the evidence presents an issue of self-defense, the defendant as well as the State may prove the fact of a *prior difficulty* between defendant and the deceased or injured party, although the

previous difficulty is not so closely connected with the crime as to be a part of that transaction, nor so contemporaneous therewith as to make it a part of the res gestae; but until some evidence of self-defense is produced, the court is not in error in refusing such evidence at the instance of the defendant. Fancher v. State, 217 Ala. 700, 117 So. 423. In general, neither the State nor the defendant can show the particulars, details, or merits of the previous difficulty, but both may show the general nature and gravity thereof. Sanders v. State, 242 Ala. 532, 535, 7 So.2d 483, and cases there cited. It is not permissible for either the State or the defendant to give a blow by blow account of the previous difficulty. White v. State, 209 Ala. 546, 96 So. 709; Maxwell v. State, 220 Ala. 419, 125 So. 682; Richardson v. State, 191 Ala. 21, 68 So. 57; McAnally v. State, 74 Ala. 9. We cannot agree with the statement of the Court of Appeals in the case of Dodd v. State, 32 Ala.App. 504, 27 So.2d 259, to the effect that the State is held to the proof of the bare fact that there was a previous difficulty, while the defendant is permitted to make proof of the details of such difficulty. We find no such distinction in the cases of this court or in the cases of the Court of Appeals.

Under the evidence in this case, the trial court correctly refused to permit defendant to show that the deceased bore the reputation of being a sexual pervert. State v. Hodgin, 210 N.C. 371, 186 S.E. 495.

As tending to show the personal relationship of the parties, to illustrate and shed light on the claimed overt act of deceased at the time of the shooting, we think the defendant should have been permitted to show that prior to the shooting she had instituted divorce proceedings against the deceased.

For the error pointed out, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

BROWN, FOSTER, and STAKELY, JJ., concur.