51 So.2d 711

## ANDERS v. STATE.
### 8 Div. 574.

Supreme Court of Alabama.

Feb. 8, 1951.

Rehearing Denied March 15, 1951.

Russell W. Lynne and S. A. Lynne, of Decatur, for petitioner.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., opposed.

LAWSON, Justice.

The writ of certiorari was granted in this case to review the ruling of the Court of Appeals to the effect that an exception to the trial court's oral charge was by reference only and therefore was not sufficiently definite to warrant review. The exception is as follows:

"We except to that portion of the Court's oral charge wherein it was said malice may be presumed from the use of a deadly weapon."

As stated in the opinion of the Court of Appeals, the appellate courts of this state have established the rule that an exception which merely describes or refers to the subject treated in the oral

charge is insufficiently presented for review by the appellate courts. To the list of cases cited in the opinion of the Court of Appeals, the case of Birmingham Railway, Light & Power Co. v. Friedman, 187 Ala. 562, 570, 65 So. 939, might be added.

But we have not held that the exception is insufficient unless it is in the exact language of the charge. It has been held that if the language of the trial judge is recited in the exception with substantial accuracy, a review should not be denied. Kelley v. State, 226 Ala. 80, 145 So. 816.

So, our question is, was the language of the charge to which the exception was directed recited with substantial accuracy or was the exception merely descriptive of the subject treated in the charge? To answer this question, we must go, of necessity, to the oral charge of the court. We have done so in the past in reviewing the Court of Appeals on a question of this kind. Ex parte Cowart, 201 Ala. 55, 77 So. 349.

The trial court charged: "Now, to presume malice as a matter of law, *the law may presume malice from the use of a deadly weapon. The law presumes malice from the use of a deadly weapon* and in the case of the defendant you must look to the facts of the evidence and all the facts of the evidence and if you find that the killing was done with malice aforethought then there can be no conviction for any lesser degree than murder in the second degree. And I charge you, as a matter of law, that a shot gun is a deadly weapon. It has the ability to kill and when used to kill is a deadly weapon. Of course, gentlemen of the jury, malice may be presumed therefrom unless that presumption is overcome by the defendant as the court has told you just previously." (Emphasis supplied.)

It is to be noted that the portions of the charge italicized above were not followed by the qualifying phrase "unless the evidence which proves the killing rebuts the presumption."

In Hornsby v. State, 94 Ala. 55, 10 So. 522, the court gave at the instance of the State a written instruction to the jury as to this question of presumption of malice from the use of a deadly weapon without these qualifying words, and, although the opinion does not so expressly state, it was evidently concerning this charge that the following language was used in the opinion in that case, which we here set out as pertinent:

"* * * Whenever there are any facts testified to on a trial for murder, and which are necessary and are relied upon to sustain the charge of murder, and a jury could legally infer from the facts proving the offense that the defendant acted in self-defense, or the homicide was the result of sudden passion, engendered by sufficient provocation, and without malice, it is error to charge the jury as to the presumptions arising from the use of a deadly weapon, without accompanying such charge with the further statement, 'unless the evidence which proves the killing rebuts the presumption.' When the facts which prove the killing do not tend to rebut the presumption which the law raises from the use of a deadly weapon, then it becomes incumbent on the defendant by other evidence to rebut the presumption, and, failing to meet this burden, the presumptions of law are conclusive against him. * * *" 94 Ala. 66, 10 So. 526.

This principle has been followed and applied by this court and the Court of Appeals in a number of cases, among them Berry v. State, 209 Ala. 120, 95 So. 453; Wright v. State, 252 Ala. 46, 39 So.2d 395; Chenault v. State, 29 Ala.App. 148, 193 So. 326.

It is manifest that under the authorities noted above, if the evidence which proved the killing was sufficient to support an inference by the jury that the petitioner, defendant below, acted in self-defense, or that he acted as a result of sudden passion engendered by sufficient provocation, and without malice, then the charge of the trial court was erroneous. The Court of Appeals has not passed on that question, hence it is not here for review.

·The erroneous portion of the court's charge (if any of it is erroneous, and this depends on the evidence) is that which we have italicized, and we think the language of the exception was sufficiently definite to invoke review. In fact, the language of the exception is in practically the exact language of the parts of the charge which we have italicized. The exceptor was certainly not called upon to object to all of that portion of the charge which we have set out, for some of it is correct, and hence his exception would have been without merit. Treadwell v. State, 168 Ala. 96, 53 So. 290; Whittle v. State, 205 Ala. 638, 89 So. 48.

. In Berry v. State, supra [209 Ala. 120, 95 So. 455], the trial court instructed the jury in part as follows: "The law presumes in a case like this, presumes malice from the use of a deadly weapon." Exception was taken. Under the evidence we held the charge erroneous and reversed. We have examined the original transcript in that case and find that we reversed, although the exception was taken merely to that part of the charge quoted above and not to all of the parts of the charge relating to the subject of malice. It is also to be noted that the objector did not point out to the trial court that he had failed to use the qualifying phrase, "unless the evidence which proves the killing rebuts the presumption."

· As before pointed out, we are not passing on the question as to whether the portion of the charge excepted to was erroneous in view of the facts of this case, since that question has not been decided by the Court of Appeals. We note that after the case went to the jury, the jury asked for additional instructions and among other things the trial court said: "The law may presume malice from the use of a deadly weapon and the court charges you that a shot gun is a deadly weapon." There was no exception to this charge. What effect, if any, the failure to except has on the original exception is not here for consideration.

The judgment of the Court of Appeals is reversed and the cause is remanded, that that court may pass on the merits of the exception reserved to the indicated portion of the oral charge of the court.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.