84 So.2d 773

Onzell McGRAW

v.

STATE.

7 Div. 320.

Court of Appeals of Alabama.

March 22, 1955.

Rehearing Denied Aug. 9, 1955.

216

Wales W. Wallace, Jr., Columbiana, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Asst. Atty. Gen., for the State.

**CARR, Presiding Judge.**

The appellant, Onzell McGraw was indicted and adjudged guilty of the offense of assault with intent to murder. The assaulted party was a police officer of the town of Vicent, Alabama.

The alleged offense was committed at an athletic field where a softball game had been in progress. After the game was over the officer questioned the accused because the latter had taken a girl away from the field. It appears that the girl had earlier cut another person with a knife. There was some evidence that the defendant was drunk or drinking and he used abusive or obscene language when he was accosted by the officer. The policeman attempted to arrest the appellant, but his effort was resisted. A fight followed in which others, besides the defendant, participated. During the affray the appellant secured the officer's pistol and hit the latter a severe blow over the head with the weapon. There is a conflict in the evidence as to whether or not there were one or two licks struck. The officer was "knocked out."

The court permitted the appellant to prove that the injured party had a bad reputation in the community as a police officer. However, the trial judge sustained the State's objections to this question: "I will ask you this; do you know his (the officer) general reputation in the community in which he lives for shooting a man without giving him a chance when he was arresting him?"

When this effort was made evidence had been introduced which tended to establish that the defendant was acting in self-defense. In this state of the record it was permissible to prove that the assaulted party had a reputation as a turbulent, violent, bloodthirsty person. Pate v. State, 162 Ala. 32, 50 So. 357; Wright v. State, 252 Ala. 46, 39 So.2d 395.

We entertain the view, however, that the question of instant concern was bad in form and verbiage. It was an attempt to prove the indicated reputation of the officer by specific or particular acts. Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692; Jones v. State, 20 Ala.App. 247, 101 So. 331; Stephens v. State, 17 Ala.App. 548, 86 So. 111.

The question also called for a conclusion of the witness and imposed an interpretation of what constitutes a legal right.

When the introduction of the evidence had been concluded, the defendant's attorney made a motion to require the State to elect as to which of the acts of the defendant it would rely upon for a conviction.

The Solicitor stated: "The State stipulates and elects to seek a conviction against this defendant on the second act on the part of this defendant in hitting Mr. Looney over the head with a pistol."

According to the State's evidence the defendant hit the officer twice with the pistol. First while the latter was lying on the ground and again while he was standing. The Solicitor elects to rely "on the second act."

In order to focus the mind of the jury on the stipulation of the Solicitor, appellant tendered written charges 6–A and 5–A. Both were refused. Charge 6–A does not accurately follow the language of the stipulation.

■ All that transpired during the affray constituted a part of the res gestae. The Solicitor's stipulation did not destroy the materiality of this evidence nor did it deprive the jury of the privilege of considering all that occurred in order to arrive at the material question of the intent of the accused. Charge 5–A is, therefore, misleading.

■ Refused charge 2–A is not based on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Knighten v. State, 35 Ala. App. 524, 49 So.2d 789.

■ Refused charges 10, 11, B, C and D are invasive of the province of the jury.

There is evidence that the defendant was drinking and disorderly at the time of the attempted arrest. If so the officer had a right to make the arrest on this account.

Appellant's attorney in a well prepared brief urges that we should disturb the action of the lower court in overruling the motion for a new trial on the stated grounds that the verdict is contrary to the great weight of the evidence.

■ There is much conflict in the evidence. The verdict is amply supported by the testimony in the State's behalf. According to this proof the accused exceeded his legal rights in striking the officer. We would be out of line with the familiar authorities to adhere to the insistence of the appellant's counsel.

We have given due consideration to the presented questions which we have not discussed. There is no merit in any of these.

The judgment below is ordered affirmed.

Affirmed.

On Rehearing.

PER CURIAM.

In his application for rehearing counsel for appellant insists that we erred in our conclusion that the lower court properly sustained the objection to the question propounded by appellant to one of his witnesses as to the "police officer's general reputation in the community in which he lives for shooting a man without giving him a chance when arresting him."

We adhere to our former conclusion on this point, and in addition to the cases cited in the original opinion in support of our conclusion we add the case of Singley v. State, 256 Ala. 56, 53 So.2d 729.

At appellant's request we also set forth refused charge 2–A, which is as follows:

"The Court charges the jury that unless you are convinced beyond all reasonable doubt that the defendant struck officer Looney with a pistol with malice aforethought, intending to murder him, you cannot find the defendant guilty of assault with intent to murder."

As to the propriety of the lower court in refusing this charge we adhere to our former ruling.

Counsel for appellant also states in his brief in support of the application for rehearing that the court erred in sustaining the State's objection in the following instance, as shown by the record:

"Q. Mr. Looney, do you recall an occasion in 1948 when you ran into the car of this boy McGraw here? A. I remember when he run into me.

"Q. State whether or not on that occasion you held a gun on him and made him pay you $5.00 for damages? A. No.

"By Mr. Fowler: We object.

"By the Court: Sustain the objection.

"By Mr. Wallace: I except and expect the evidence to show he did."

■ As shown by the above excerpt, nothing is presented to us for review. The objection came after the answer was made. In addition, had the objection been timely made, the court should have sustained an objecton to it, inasmuch as it called for

particulars and details of the alleged former difficulty. Wright v. State, 252 Ala. 46, 39 So.2d 395.

Application denied.

BONE, J., recuses himself because not a member of the court when the case was originally argued.