(93 South. 545)

**WEBSTER v. STATE.** (7 Div. 277.)

(Supreme Court of Alabama. June 22, 1922.)

**1. Homicide ⬤�források163(2)—Proof of deceased's character or reputation generally inadmissible.**

It is a well-recognized general rule that in homicide cases ordinarily the character or reputation of the deceased is not involved as an issue, and that the proof relative thereto is generally inadmissible.

**2. Homicide ⬤⟱188(7)—Proof of deceased's peaceful character admissible to rebut defendant's justification of self-defense.**

In prosecutions for homicide in cases of self-defense, where the character of the deceased for peace and quiet may shed light upon the issues involved, and the evidence is of such character as to justify the state in offering testimony in its rebuttal of that of defendant to establish the general character of the deceased for peace and quiet, such evidence is admissible.

**3. Homicide 188(7)—Defendant's evidence of insulting proposal by deceased to wife and daughter of accused did not entitle state to prove his good character.**

In a prosecution for homicide, where accused did not offer to put in issue the general good character of deceased, his evidence that an insulting proposal by deceased to his wife and daughter was communicated to him the night before the homicide did not entitle the state to show the good character of the deceased.

Appeal from Circuit Court, Shelby County; W. L. Longshore, Judge.

George Webster was convicted of murder in the first degree, and he appeals. Reversed and remanded.

Riddle & Ellis, of Columbiana, and William M. Lackey, of Ashland, for appellant.

On a trial for murder, the prosecution cannot adduce evidence of the good character of the deceased, when it has not been assailed by the prisoner. 37 Ala. 103; 133 Ala. 27, 32 South. 141.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach Reporter.

GARDNER, J. Appellant was convicted of murder in the first degree, and his punishment fixed at life imprisonment, and from the judgment of conviction he prosecutes this appeal.

The defendant killed one Hartsfield by cutting· him with a knife, and the evidence for the state tended to sustain the conviction, while that offered for the defendant tended to support the plea of justification under the doctrine of self-defense. The defendant did not offer to put in issue the general good character of the deceased, but he did offer proof to the effect that only a short time before the difficulty the deceased had made an insulting proposal to his wife and daughter, which had been communicated to him the night before. In rebuttal the state proved by numerous witnesses the general good character of the deceased in the community in which he lived. Appropriate objections were interposed to the testimony of each witness as to the character of deceased, which objections were overruled; and this question is the one given first consideration by counsel for appellant on this appeal.

[1, 2] It is a well-recognized general rule that in homicide cases ordinarily the character or reputation of the deceased is not involved as an issue, and that proof relative thereto is generally inadmissible. 21 Cyc. 907; 1 Greenleaf on Evidence (16th Ed.) 40; Commonwealth v. Tircinski, 189 Mass. 257, 75 N. E. 261, 2 L. R. A. (N. S.) 102, 4 Ann. Cas. 337, and authorities cited in the note. There are of course exceptions to the rule, such as in cases of self-defense, where the character of the deceased for peace and quiet may shed light upon the issue involved, and the evidence is of such a character as to justify the state in offering testimony in rebuttal of that of defendant to establish the general character of the deceased for peace and quiet. Hussey v. State, 87 Ala. 121, 6 South. 420; Franklin v. State, 29 Ala. 14; Eiland v. State, 52· Ala. 322; Quesenberry v. State, 3 Stew. & P. 308; 21 Cyc. 908, 909.

[3] The trial court was of the opinion that the evidence of the defendant concerning the insulting proposal to his wife and daughter was sufficient to create an exception to the general rule, and justify proof of general good character of the deceased. In this however, there was error. The question has been decided adversely to the state in the case of Kennedy v. State, 140 Ala. 1, 37 South. 90, where the language used in the opinion upon the question here involved is directly applicable to the instant case. See, also, Jimmerson v. State, 133 Ala. 18, 32 South. 141, and Martin v. State, 90 Ala. 602, 8 South. 858, 24 Am. St. Rep. 844.

The few remaining questions presented by this record will not likely recur upon another trial, and need no separate consideration.

For the error indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.