## ISOM v. STATE.

### 6 Div. 102.

Court of Appeals of Alabama.

May 18, 1937.

J. Monroe Ward, Reuben H. Wright, and Ward W. McFarland, Jr., all of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, a young man some twenty-one or twenty-two years of age, was tried under an indictment charging him with the offense of murder in the second degree; was convicted of the offense of manslaughter in the first degree; and his punishment fixed at imprisonment in the penitentiary for the term of five years.

It was alleged, and shown on the trial without dispute, that he killed one Wayne Bryant—a young man of approximately his same age—by stabbing him with a knife. His pleas were, in substance, that he was not guilty because the killing was done in self-defense, or, that he was not guilty by reason of insanity existing at the time.

The record before us evinces much painstaking care, and ability, on the part of the judge before whom the case was tried, to see that appellant's rights, as well as those of the State, were duly safeguarded on the trial. But some errors were committed.

As indicated above, one of the defenses interposed—perhaps the principal defense —was that appellant, when inflicting the fatal wound upon deceased, was acting in self-defense—as that term is known to the law, and, we might add, was correctly defined to the jury.

■ In such circumstance, or, for that matter, in any other, where one is on trial for crime, it is, of course, permissible for the accused to offer testimony tending to show that he bore a general good character at the time of the occurrence involved. Funderberg v. State, 100 Ala. 36, 14 So. 877; James v. State, 14 Ala.App. 652, 72 So. 299. Appellant here availed himself of this privilege.

■ Some of the testimony so offered, and, we might add, adduced—we believe without objection—was, later, upon motion by the State, excluded from the jury over appellant's objection—with exception duly reserved—upon the ground that same was with reference to a time some ten years prior to the date of the fatal rencountre, and hence too remote. But we are of the opinion such action by the court was laid in error.

True, the testimony referred to may have had—in fact, we are persuaded it really had—but slight probative value. But we are unwilling to say it had none. ·While doubtless there is a point in time, so remote from the occurrence under investigation, that testimony as to the accused's general good character before such time would be valueless and hence immaterial, yet we do not feel called upon here to undertake to fix said point, granting that we, or any court, could. It will suffice for our present purposes to merely state that we are of the opinion the testimony here in question should have been allowed to remain before the jury for whatever it was worth. See Prater v. State, 107 Ala. 26, 18 So. 238; Jones v. State, 104 Ala. 30, 16 So. 135; Clark v. Hendricks et ux. (Tex.Civ.App.) 164 S.W. 57.

As already hereinabove indicated, the killing involved in this case grew out of an altercation or fight between two young men. We cannot see the necessity of narrating or discussing the testimony. It will suffice to merely state that the same was in conflict as to who was the aggressor; or, for that matter, as to every other element of self-defense as embodied in appellant's plea on the trial.

■ In this situation, and without the character of the deceased having been inquired into, or in any way drawn into issue, the State was allowed, over appellant's timely objections (exception, of course, being duly reserved in each instance) to introduce a mass of testimony tending to show that deceased's reputation or character for peace and quietude was good.

■ In all the rulings permitting such testimony there was error; and, naturally, error prejudicial to appellant. No principle of the law seems better settled than that "on a trial * * * for murder, where the character of the deceased had not been assailed by the defendant, it is not competent for the State to introduce evidence to show that the character of the deceased was good * * * for peace and quiet." Jimmerson v. State, 133 Ala. 18 (27), 32 So. 141; Ben (a slave) v. State, 37 Ala. 103; Kennedy v. State, 140 Ala. 1, 37 So. 90; Webster v. State, 207 Ala. 668, 93 So. 545.

It appears unnecessary for us to consider in detail each question raised on the trial other than the two we have already treated. Perhaps there was an instance or so of the misapplication of the rules of evidence, notably, what is known as the "hearsay rule." But the rules themselves appear to be well understood by the learned trial judge; and, on another trial, we

are confident the questions now apparent will not arise.

Already we have intimated that the trial of the case was in the main well and ably conducted. But for the errors indicated, the judgment must be reversed and the cause remanded. And it is so ordered.

Reversed and remanded.

SAMFORD, J., concurs only in the conclusion.