This is an appeal from a judgment whereby the appellant was found guilty of murder in the second degree and sentenced to a term of fifteen years imprisonment. Although the appellant was awarded a free transcript by the trial court, he is represented by retained counsel both at trial and on this appeal.
For the most part the evidence is not in dispute. On November 16, 1975, the appellant and Woodrow Covill went horseback riding about eleven o'clock that morning. Before leaving the appellant cleaned, oiled and loaded a .32 caliber automatic pistol which he stuck in his boot. The appellant testified that he carried the pistol to shoot snakes and rabbits while riding.
At approximately 4:30 P.M., the appellant and Covill rode over to the V.F.W. Club in Eight Mile, Alabama, for a drink. When the appellant arrived Edward "Pop" Osborne was already there with his ever present hunting knife which he usually wore in a scabbard on his belt. From the evidence it is clear that Osborne and the appellant were friends. Pop Osborne was approximately seventy years old.
The appellant played a practical joke on Osborne and slipped the knife out of its scabbard, hiding it under the bar.
Osborne discovered his knife was missing and was told that the appellant had taken it. Retrieving the hunting knife he told a witness, "Son, I am going to go over there and have some fun".
Osborne, with the knife in his hand by his side, then approached the appellant who was seated at a table. When Osborne was about three or four feet from the table, the appellant pulled the pistol from his boot and fired. Not a harsh or threatening word had been spoken between the two men but Osborne lay on the barroom floor with a bullet in his chest. Spontaneously a bystander asked the appellant if he had shot Mr. Osborne. "Yes, I did", the appellant replied.
After Osborne fell to the floor the club manager seized the pistol from the appellant and "wrapped" the appellant "right between the eyes" with the weapon.
The evidence revealed that Osborne and the appellant had not been fighting nor *Page 10 
arguing before the shooting. Osborne was a "jolly type fellow" never known to start trouble.
The appellant testified that he was "afraid" of the knife and did not intend to shoot or kill Osborne. Although he admitted pulling the pistol from his boot he stated that he did not aim the weapon and that the pistol just accidentally went off.
 I
During the direct examination of the operator of the V.F.W. Club, the District Attorney, over the strenuous objection of the attorney for the appellant, elicited the testimony that the appellant:
 "took a shot at another man in that club on one other occasion as a result of just bumping into him."
The appellant's attorney then moved that the answer be excluded, for curative instructions, and for a mistrial. Adverse rulings were had and exception was taken.
It is a basic and fundamental principle of evidence that in a murder prosecution, it is not permissible to show a difficulty between the accused and a third person not connected with the victim or the offense. Johnson v. State, 265 Ala. 360,91 So.2d 476 (1957); Stain v. State, 273 Ala. 262, 138 So.2d 703 (1962);Mainor v. State, Ala.Cr.App., 348 So.2d 1083 (1977). The state's argument that the questions asked which elicited the objectionable response had the sole purpose of "putting the shooting of Mr. Osborne into its proper historical perspective" and had a direct bearing on the witness's ability to recognize the pistol is utter sophistry and totally unacceptable to this court.
The state is not allowed to supply the intent to kill one victim by showing that the defendant had assaulted a third party on another unrelated occasion. While proof of other offenses is sometimes admissible as exceptions to the general rule barring admissibility, this is not one of the exceptions. Proof that the appellant shot at another in no way shows plan, scheme, or intent to kill the deceased or any of the other exceptions to the general rule.
In cases where the evidence presents an issue of self-defense, the defendant as well as the state may prove the fact of a prior difficulty between the defendant and the deceased. Wright v.State, 252 Ala. 46, 39 So.2d 395 (1949). However this rule of evidence does not embrace a prior difficulty between the appellant and a third party. The admission of this testimony constitutes reversible error.
 II
In its case in chief, the state introduced testimony that the deceased "wouldn't start any trouble" and was a "jolly type fellow". The general rule in this area is that the state is entitled to show the good reputation of the deceased where such reputation has been placed in issue by the accused.
 "No principle of the law seems better settled than that `on a trial . . . for murder, where the character of the deceased had not been assailed by the defendant, it is not competent for the state to introduce evidence to show that the character of the deceased was good . . for peace and quiet.' Jimmerson v. State, 133 Ala. 18 (27), 32 So. 141; Ben (a slave) v. State, 37 Ala. 103; Kennedy v. State, 140 Ala. 1, 37 So. 90; Webster v. State, 207 Ala. 668, 93 So. 545." Isom v. State, 27 Ala. App. 488, 489, 174 So. 538, 539 (1937).
This is in accord with the favored view held by Wigmore and McCormick. McCormick, The Law of Evidence 340 (1954). DespiteRussell v. State, 46 Ala. App. 230, 239 So.2d 902 (1970) holding that questions designed to elicit the deceased's repute for aggressiveness, bloodthirstiness and the like, were premature where no evidence of self-defense had been adduced, this is still the rule in Alabama and the state is not entitled to show the good reputation of the deceased until such reputation has been put in issue by the accused.
 "It is a well-recognized general rule that in homicide cases ordinarily the character or reputation of the deceased is not involved *Page 11 
as an issue, and that proof relative thereto is generally inadmissible. (Authorities omitted) There are of course exceptions to the rule, such as in cases of self-defense, where the character of the deceased for peace and quiet may shed light upon the issue involved, and the evidence is of such character as to justify the state in offering testimony in rebuttal of that of defendant to establish the general character of the deceased for peace and quiet." Webster v. State, 207 Ala. 668, 669, 93 So. 545 (1922).
The admission of the evidence of the good character of the deceased before the defendant had introduced or elicited any evidence of his bad character constitutes reversible error in this case.
 III
The state, in brief and oral argument, although stating that the pictures served a material purpose, has failed to point out what that purpose was. We are at a loss to discover it.
The pictures show nothing more than a body after an autopsy has been performed. The body has been "laced up". Because of the size and location of the stitches the entrance wound of the bullet is completely obscured.
We have discussed the rules of evidence governing the admissibility of photographs elsewhere. Lewis v. State, Ala.Cr.App., 339 So.2d 1035, cert. denied, Ala., 339 So.2d 1038
(1976). We would strongly urge that when the appellant is retried that these photographs not be introduced unless some probative value can be found in their admissibility.
For the foregoing reasons this cause is
REVERSED AND REMANDED.
All Judges concur.