Petitioner was convicted of murder in the second degree and his punishment was fixed at imprisonment in the penitentiary for twenty-five years. The Court of Criminal Appeals affirmed the conviction. We granted certiorari to determine whether the petitioner was entitled to offer evidence of the reputation of the deceased for being violent, turbulent, and bloodthirsty. We hold that he was and reverse.
Petitioner was involved in a three-party gun battle which took place on December 18, 1975, near Street's Restaurant on Highway 31 in Autauga County, Alabama. The battle was between petitioner, the deceased Pearson Weaver, Jr., and Wayne McCrory. When the smoke cleared, petitioner and McCrory were wounded. Weaver was dead; underneath him was his shotgun, still unfired.
Petitioner claimed self defense. His version of the facts shows that the shooting began when McCrory shot him. To defend himself, petitioner reached inside his garage and secured his shotgun. He saw the deceased pointing a shotgun at him but felled him with three quick blasts before the deceased could pull the trigger. For a detailed statement of the facts see the opinion of the Court of Criminal Appeals.
At trial, the petitioner offered the testimony of three witnesses to show the reputation of the deceased for being violent, turbulent, and bloodthirsty. The trial court refused to allow the evidence. The petitioner duly preserved the trial court's rulings for review and claims that they constitute reversible error.
Ordinarily, the character or reputation of the deceased in a murder trial is not involved as an issue, and proof relative thereto is generally inadmissible. Webster v. State, 207 Ala. 668,93 So. 545 (1922). Such a rule of law is weighted in the consideration that the law does not distinguish between the killing of an evil person and that of a saintly person. Eilandv. State, 52 Ala. 322 (1875). However, evidence of the character or reputation of the deceased for turbulence, violence and bloodthirstiness should be received when it illustrates or explains words or acts of the deceased at the time of the killing or to show that the killing was in self defense. Eiland v. State, supra. The rationale of the rule allowing such evidence is that words spoken or actions taken by a person with a reputation for turbulence, violence, and bloodthirstiness may convey a meaning and intent different from the same words and actions of someone else. Seemingly innocent actions of the deceased may take on a different significance when considered in the light of his or her character. *Page 1042 
It is well understood that evidence of the deceased's turbulent, violent, and bloodthirsty character is not competent absent some evidence tending to show that the killing was in self defense; that is, some overt act or hostile demonstration on the part of the deceased. Farley v. State, 279 Ala. 98,182 So.2d 364 (1966); Wright v. State, 252 Ala. 46, 39 So.2d 395
(1949); Wells v. State, 187 Ala. 1, 65 So. 950 (1914); Green v.State, 143 Ala. 2, 39 So. 362 (1904). Such evidence is not available to the defendant if he or she is the aggressor.Sanders v. State, 242 Ala. 532, 7 So.2d 483 (1942); Rutledge v.State, 88 Ala. 85, 7 So. 335 (1889). However, on all doubtful questions of who is the aggressor, the bad character of the deceased for turbulence and violence should be admitted. DeArman v. State, 71 Ala. 351 (1882). When the evidence on self defense is sufficient to go to the jury, evidence of the deceased's bad character for turbulence and violence must be accepted. Brooks v. State, 263 Ala. 386, 82 So.2d 553 (1955);McGuff v. State, 248 Ala. 259, 27 So.2d 241 (1946); Rutledge v.State, supra.
The issue boils down to whether the evidence undisputedly shows that petitioner was the aggressor and he has no case of self defense sufficient to go to the jury. Farley v. State, supra; Rutledge v. State, supra. In its opinion, the Court of Criminal Appeals stated:
 "Under the facts and circumstances in this case we are clear to the conclusion that appellant was the aggressor and was not entitled to invoke the doctrine of self defense."
While we agree that there is sufficient evidence for the jury to find that the petitioner was in fact the aggressor, we disagree with the court's holding, in effect, that there was insufficient evidence for the issue of self defense to go to the jury. The trial judge submitted the issue of self defense to the jury and we consider his action to be correct. The role of appellate courts is not to say what the facts are. Our role, and that of the Court of Criminal Appeals, is to judge whether the evidence is legally sufficient to allow submission of an issue for decision to the jury. To this end, the evidence in this case must be judged against the standards derived from our cases for submitting the issue of self defense to the jury.
In Davis v. State, 214 Ala. 273, 107 So. 737 (1926), the court considered the propriety of submitting to the jury the issue of self defense in a murder case. The court stated:
 ". . . Without intending to pronounce judgment on the facts, we state what followed according to defendant's contention, because defendant had a right to have his version of the facts, so far as supported by tendencies of the evidence, taken into consideration by the jury . . .
. . . . .
 "We are far from saying that defendant should have been acquitted on the ground of self-defense. Still, we think, there was some evidence tending to show self-defense, which thereupon, according to the long-standing precedents in this court, became a question for the jury. . . ." 214 Ala. at 276, 107 So. at 740.
In Burns v. State, 229 Ala. 68, 155 So. 561 (1934), the court again reversed the trial court for failing to submit the issue of self defense to the jury. It was stated:
 "Our decisions are to the effect that every prisoner at the bar is entitled to have charges given, which without being misleading, correctly stated the law of his case, and are supported by any evidence, however weak, insufficient, or doubtful in credibility. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96. And in Morris v. State, (Ala.Sup.) 39 So. 608, 611, it is said: `It matters not how slight the tendency of evidence may be towards establishing any material fact involved, the court cannot exclude it from the jury. Its weight is for their determination. . . .'" 229 Ala. at 69, 155 So. at 562.
In a recent case, the Court of Criminal Appeals reversed the trial court for failing to charge the jury on the issue of self defense and stated:
 ". . . The evidence for the appellant, though thin and shaky, tended to *Page 1043 
prove his plea of self defense. . . ." Trammell v. State, 52 Ala. App. 89, 94, 289 So.2d 656, 661 (1973).
The evidence in this case is not without dispute. The opinion of the Court of Criminal Appeals states:
 "The evidence in this case is in hopeless conflict and this made and presented an issue for the jury to resolve. . . ."
In the recent case of Aberhart v. State, 353 So.2d 6 (Ala., 1977), this court in dealing with a similar situation held:
 ". . . Petitioner further contends that it is not necessary to prove, but simply to offer evidence of, self-defense in order to be entitled to show evidence of the violent and bloodthirsty character of the deceased and to be entitled to the charge. We agree with petitioner and must, therefore, reverse and remand."
We are, therefore, of the opinion that the evidence in question should have been admitted.
Petitioner also raises an issue submitted to the Court of Criminal Appeals for review but not addressed in that Court's opinion. Petitioner correctly presents the issue for our review by filing a motion for additional facts pursuant to Rule 39 (k), ARAP. Petitioner claims that, after a proper predicate had been laid, the trial court erred in its failure to allow him to impeach Wayne McCrory's reputation for truth and veracity through witness Carl Piat. The objection is well taken and the trial court erred in its ruling. Hill v. State, 194 Ala. 11,69 So. 941 (1915); Crowe v. State, 333 So.2d 902 (Ala.Cr.App., 1976), cert. denied 333 So.2d 906 (Ala.), McElory's Alabama Evidence (3rd ed.), § 140.01 (1).
The judgment of the Court of Criminal Appeals is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Justices concur.