369 So.2d 507 (1979)
Robert C. CLARY
v.
GLOBAL MARINE, INC.
No. 51076.
Supreme Court of Mississippi.
April 4, 1979.
*508 Tyner & McMahan, Thomas W. Tyner, Hattiesburg, for appellant.
Heidelberg, Sutherland & McKenzie, R. Web Heidelberg, Hattiesburg, for appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
BROOM, Justice, for the Court:
Admiralty tort action (negligence) for personal injuries was filed by Robert C. Clary in the Chancery Court of Forrest County by way of attachment. Clary's action against a non-resident corporation, Global Marine, Inc., resulted in a $21,600 money decree against Global Marine, from which Clary appeals, contending among other things that he should have been awarded a larger sum. Global cross-appealed on the grounds that Clary's evidence was insufficient to make out a case, and that *509 the chancellor made certain erroneous evidentiary rulings. We affirm as to liability but remand as to amount of damages.
Clary, a resident of Hattiesburg, was an employee of Exxon Company, USA, when he was injured October 28, 1974. As Exxon's drilling superintendent, his responsibility was to see that its policies were followed on oil rigs. At the time of his injury, he was working on a vessel (located in navigable waters off-shore from Louisiana) owned and operated by Global for Exxon. Clary was standing on the drill floor of the ship, engaging in conversation with Global Marine's representative, Moore, who was to the right and a little forward of Clary, when an employee of Global actuated a mechanism which pulled taut a nearby cable lying slackened across the floor. The cable caught Clary from behind the thigh and pitched him into the air. When he fell, he received serious personal injuries.
After Clary's injuries, he was treated by several physicians and at trial, October 31, 1977, he continued to wear a steel brace. The chancellor found that Clary had received a permanent disability of five percent to the body as a whole as a result of the October 28, 1974 accident.
First, argues Clary, the chancellor erred in failing to award him expenses incurred as a result of the accident, consisting of doctor, hospital, drugs, travel expenses, and loss of wages, as well as the cost of future medical care. In this regard, it is undisputed that Clary's employer, Exxon, had voluntarily paid these items to Clary, but Global argues, and the chancellor ruled, that Clary was not entitled to recover them from Global because Exxon had paid the items. We think the chancellor should have applied the "collateral source" rule and awarded Clary a sum to cover these items even though Exxon had paid them. Under this rule:
... courts generally have held that benefits received by the plaintiff from a source wholly independent of and collateral to a wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer. This is known as the "collateral source" rule. Thus, as a general rule, the fact that the plaintiff received gratuitous medical care, continued salary or wage payments, proceeds from insurance policies, or welfare and pension benefits, will not be taken into account when computing damages. (22 Am.Jur.2d Damages § 206 (1965)).
Further:
Accordingly, the plaintiff's recovery will not be reduced by the fact that the medical expenses were paid by some source collateral to the defendant such as by a beneficial society, by members of the plaintiff's family, by the plaintiff's employer, or by an insurance company. Ibid. at § 207.
The "collateral source" rule[1] is followed in the U.S. Court of Appeals, 5th Circuit:
It is well settled that there will not be any reduction of an award of damages for personal injuries by reason of payments made to an injured party from a collateral source independent of the wrongdoer. (A.H. Bull Steamship Co. v. Ligon, 285 F.2d 936 (1960).
Global points out that Exxon paid Clary his regular pay as well as reimbursement for any out-of-pocket travel and medical expenses plus doctors' and hospital bills. *510 To permit Clary to recover these expenses (already paid by Exxon) would, according to Global, amount to a windfall constituting an impermissible double recovery. We reject Global's contention that the collateral source rule is only an evidentiary principle adopted to prevent the tortfeasor from obtaining credit for reparations made to the injured party from a source other than the wrongdoer.
Under the "collateral source" rule, the lower court should have awarded Clary an amount to cover medical expenses, loss of earnings, and related items pertaining to his injuries which he received in the accident. Exxon's voluntary payment of these items should not have been allowed to operate in reduction of Clary's recovery against Global. In this connection, we point out that Exxon, though originally a party to the action, was voluntarily non-suited by Clary. Exxon did not intervene in any way or assert any claim in the nature of subrogation in the suit.
Because of the error of the lower court in failing to apply the "collateral source" rule,[2] we must reverse in part and remand. Remand is for the limited purpose of determining upon proper proof the amount of damages (loss of wages, doctor, hospital, drugs, travel expenses, and the like) to be awarded to Clary in addition to the amount already decreed. Of course, after remand the lower court will award to Clary only such items as are causally related to the October 28, 1974, accident and such items will include only those which are reasonable upon the proof.
We find no merit to the contention raised by Clary that the court should have awarded him compensation based upon a permanent disability rating of twenty percent to the right upper extremity. Based upon the testimony heard by the chancellor, we cannot say that he erred in this feature of the case, or that his determination of Clary's disability was not supported by substantial evidence. Neither is there any merit to Clary's contention that the trial court erred in failing to award him damages for his inability to hunt, fish and work around his farm. Indeed the chancellor's ruling indicates that he considered Clary's damages in this regard. We also reject Clary's contention that the amount of the award granted him is inadequate or so low as to be shocking to the conscience.
By way of cross-appeal, Global contends that the lower court erred in failing to find Clary guilty of contributory negligence. There is no merit to this contention because the chancellor's ruling was based upon conflicting and contradictory testimony. It is true that Global presented testimony to the effect that Clary himself ordered the Global employee to activate or trigger the machinery which caused the cable to pitch Clary into the air and injure him. To the contrary is Clary's testimony. Global says Clary did not deny giving the order but that is not controlling. Clary says that he had no warning from anyone that the operation was to be commenced and that it came as a complete surprise to him. Had he given the order referred to, he would, of course, not have been caught by surprise. The chancellor's refusal to find Clary guilty of contributory negligence was not manifestly wrong or unsupported by substantial testimony. Likewise, we are not persuaded by Global's contention that the lower court erred in finding that its employees were negligent, which negligence caused Clary's injuries. As pointed out, Clary testified that Global's employees, without any warning, suddenly triggered the mechanism, causing the slackened cable to become taut and thereby injure him.
Global further asserts that the trial court erred in finding that Clary had sustained a permanent disability of five percent to the body as a whole. Having carefully reviewed the testimony of the doctors who examined and treated Clary, we find the trial court's determination of Clary's permanent *511 disability was based upon sufficient evidence.
Another assertion Global makes in its cross-appeal is that the trial court erred in not reducing its award to Clary because Clary was guilty of contributory negligence which caused or contributed to his injuries. Again we point out that the chancellor (trier of fact without a jury) heard the testimony of Clary that he was not negligent in any respect, which testimony the chancellor accepted rather than Global's contradictory testimony. Confronted with such contradictory evidence, the chancellor decided the case in favor of Clary, and we cannot say that he committed reversible error in refusing to reduce the award due to any contributory negligence of Clary.
This is a rather rare type case, wherein a state court is called upon to try an admiralty tort action.[3] We find no reversible error in the record except in the trial court's failure to apply the "collateral source" rule, and the case is affirmed in all other respects. Remand is ordered for determination (in accordance with this opinion) of how much additional recovery should be awarded Clary under proper application of the "collateral source" rule pertaining to his loss of earnings, doctor, hospital, drugs, and travel expenses, together with the cost of future medical care. No reduction shall be made on account of the fact that some of these items were voluntarily paid to Clary by his employer, Exxon, who elected not to intervene in this case or assert any claim whatever. The award will include only amounts causally related to the accident in question.
AFFIRMED AS TO LIABILITY; REMANDED FOR PROPER DETERMINATION OF DAMAGES.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Actions in admiralty are generally governed by federal law. 28 U.S.C. Ann., Admiralty, Maritime, Prize, § 1333 (1966), provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. (Emphasis added.)
Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813 (1926), interpreted the "saving" clause of the statute to vest jurisdiction of this type litigation in Federal Courts, and held "there is saved to suitors in all cases the right of a common law remedy where the common law is competent to give it." We are not here called upon to decide if, under the Federal statute, state courts may try admiralty cases. No challenge is raised to the power of the lower state court to take jurisdiction of this admiralty cause.
[2] Mississippi has a "collateral source" rule under which compensation received by a plaintiff from a collateral source wholly independent of wrongdoer cannot be set up in mitigation or reduction of damages. Coker v. Five-Two Taxi Serv., 211 Miss. 820, 52 So.2d 356 (1951).
[3] Clary's bill charged that the action was a "Jones Act" case but the court ruled otherwise, and neither side challenged the chancellor's ruling in this respect.