405 So.2d 717 (1981)
Willie Earl THOMPSON
v.
STATE.
4 Div. 881.
Court of Criminal Appeals of Alabama.
June 23, 1981.
Rehearing Denied August 4, 1981.
*718 George E. Trawick, Ariton, for appellant.
Charles A. Graddick, Atty. Gen., and Helen P. Nelson, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
The defendant was indicted and convicted for the murder of James Junior Sampson. Section 13A-6-2, Alabama Code 1975 (Amended 1977). The defendant was sentenced under the Habitual Felony Offender Statute to life imprisonment without parole. Section 13A-5-9, Alabama Code 1975 (Amended 1977). Three issues are raised on appeal.

I
The defendant and the deceased were inmates of the Henry County Jail at the time of the homicide. The defendant contends that the trial court committed error in refusing to allow defense counsel to show the victim's reputation for bloodthirstiness. The basis for this error is found in the record when defense counsel was cross examining State's witness John J. McCraney.
"Q. Right. And Sampson, do you know his reputation for bloodthirstiness?
MR. SORRELLS (District Attorney): Judge, we object to that. There has *719 been no testimony of that and we submit this is not the proper time. At this time, we object.
THE COURT: Yes, sustained."[1]
The well-settled rule in this State is that "(t)he victim's bad general reputation for peace and quiet, violence or like trait is admissible only if the evidence before the trial court, at the time such general reputation is offered, tends to show that the accused acted in self-defense." C. Gamble, McElroy's Alabama Evidence, Section 33.01(2) (3rd ed. 1977) (emphasis added). See also Bankston v. State, 358 So.2d 1040 (Ala. 1978); Carter v. State, 356 So.2d 682 (Ala. Cr.App.), cert. denied, Ex parte Carter, 356 So.2d 689 (Ala.1978); Cole v. State, 337 So.2d 40 (Ala.Cr.App.), cert. denied, 337 So.2d 47 (Ala.1976); Body v. State, 57 Ala. App. 593, 329 So.2d 650, cert. denied, 295 Ala. 392, 329 So.2d 653 (1976); Russell v. State, 46 Ala.App. 230, 239 So.2d 902 (1970).
McCraney was the first witness to testify. He stated that the defendant jumped up from playing dice and told Sampson the "next time you say anything about my mother we are going to fight." Then Sampson and the defendant got into a fight. The two men fell to the floor and Sampson was "pretty well beat anyway and then a knife appeared in the hand of the defendant." The defendant was sitting on Sampson and said, "(Y)'all see this? It is self-defense." The defendant then began stabbing Sampson.
On cross examination, McCraney testified that "they was arguing first" and that there "wasn't any trouble at all in that cell before Junior Sampson came in there."
In Bankston, supra, the Supreme Court of Alabama held that evidence of the deceased's bloodthirsty character "is not competent absent some evidence tending to show that the killing was in self-defense; that is, some overt act or hostile demonstration on the part of the deceased." 358 So.2d at 1043. In Farley v. State, 279 Ala. 98, 182 So.2d 364 (1966), the Supreme Court stated:
"But in the absence of a tendency of the evidence to show that the defendant was without fault in bringing on the fatal encounter, that he was in imminent peril, or that he could not avoid the difficulty or retreat without increasing his peril, the defendant cannot prove the bad character of the deceased for turbulence, nor threats by him toward the defendant, nor a prior difficulty with him, though of a serious nature." 279 Ala. at 100, 182 So.2d 364.
Here, there was evidence, at the time the deceased's general reputation for bloodthirstiness was sought, that the defendant was the aggressor and that the defendant could have avoided killing Sampson without increasing his own peril. In short, we do not think that there was evidence at this particular point in the trial that brought self-defense fairly into issue. 2 Wigmore, Evidence, Section 246 (Chadbourn rev. 1979). We find that the trial judge did not abuse his discretion in determining when a proper foundation had been laid to allow the admission of the reputation of the deceased. 40 C.J.S. Homicide, Section 272(c) (1944). We especially note that, after evidence tending to show self-defense had been introduced, the defense was allowed to prove, without objection, the deceased's reputation for bloodthirstiness.

II
The defendant now contends that a portion of the oral charge of the trial court to the jury was "vague, misleading, ambiguous and prejudicial to the defendant in that it tends to confuse the jury." The record shows that defense counsel announced "satisfied" at the conclusion of the oral charge. Such an announcement precludes our review of the alleged error. *720 Guice v. State, 380 So.2d 404 (Ala.Cr.App. 1978); Zuck v. State, 331 So.2d 777 (Ala.Cr. App.), cert. denied, 331 So.2d 796 (Ala.1976); McFarling v. State, 35 Ala.App. 191, 45 So.2d 322, cert. denied, 253 Ala. 501, 45 So.2d 324 (1950).

III
The defendant testified at trial and admitted that he had been convicted of three prior felonies. After the jury returned its verdict, the prosecutor invoked the Habitual Felony Offender Act and the trial court sentenced the defendant to life without parole. Section 13A-5-9(c)(3), Alabama Code 1975 (Amended 1977).
The constitutionality of Section 13A-5-9 was initially upheld in Watson v. State, 392 So.2d 1274 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981). It represents no "usurpation of the power of the executive branch of the state to grant pardon and parole" as contended by the defendant. Seritt v. State, Ala.Cr.App., 401 So.2d 248 (1981).
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.

ON REHEARING
BOWEN, Judge.
In connection with issue III we note that at trial the defendant admitted his three prior felony convictions on direct examination by his own attorney. "(W)hen a defendant, through his own counsel, freely admits his conviction of a crime, unless he qualifies his admission, he admits all of the ingredients needed to prove the conviction of the crime." Donahay v. State, 287 Ala. 716, 718, 255 So.2d 599 (1971). A prior conviction without counsel or waiver thereof cannot be used to impeach a witness, Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), or to enhance sentence. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).
Murder is defined as a Class A felony, Section 13A-6-2, Alabama Code 1975 (Amended 1977). The defendant's argument that murder is an "unclassified crime" is without merit and contrary to the provisions of the statute.
Rule 6(b)(3)(ii) of the Alabama Rules of Criminal Procedure Temporary Rules provides:
"At a reasonable time prior to the hearing the defendant shall be given notice of the prior conviction or convictions upon which the State intends to proceed." 377-380 So.2d LXVIII.
The defendant was sentenced immediately after the jury returned its verdict finding the defendant guilty of murder as charged in the indictment. The defendant did not request a presentence report nor did he object to the imposition of a sentence under the Habitual Felony Offender Statute because of inadequate notice.
While the procedures followed in sentencing the defendant violated Rule 6(b)(3)(ii) set out above, this violation caused no prejudice to the defendant who had already admitted the prior felony convictions. Rule 45, A.R.A.P. Under these facts, we find no denial of the defendant's constitutional right of due process.
The application for rehearing is overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur.
NOTES
[1] The question and answer immediately before this exchange also reflected on the character of the deceased.

"Q. And you know that Sampson was serving time for murder at that time, do you not?
"A. Yes, sir. I believe they mentioned it, while he was in there."