The defendant was indicted for the first degree murder of Otha Lee Burwell. A jury found her guilty of murder in the second degree and fixed sentence at twenty-five years' imprisonment.
In urging this Court to reverse her conviction, the defendant alleges three grounds of reversible error committed in the trial court.
 I
The trial court did not err in overruling defendant's motion for a mistrial because of the alleged prejudicial remarks made by State's witness Odessa Jeff. In an unresponsive answer to a question from the prosecutor, Mrs. Jeff stated that the deceased's mother "hasn't been well" since the murder of her son. On a second occasion, Mrs. Jeff volunteered that the deceased's mother was presently "in the hospital". On each occasion the trial judge sustained defense counsel's objections and instructed the jury to disregard the remarks.
After the first unresponsive answer of Mrs. Jeff, defense counsel requested a mistrial. This request was properly denied. A motion for a mistrial is addressed to the sound discretion of the trial judge and his ruling will not be reversed in absence of a clear showing of abuse of discretion. Woods v. State,367 So.2d 982 (Ala. 1978). Additionally, there is a prima facie presumption against error where the trial court immediately charges the jury to disregard improper remarks. Chambers v.State, 382 So.2d 632 (Ala.Cr.App.), cert. denied, 382 So.2d 636
(Ala. 1980); Nix v. State, 370 So.2d 1115 (Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala. 1979). The trial judge heard the entire questioning and was therefore *Page 730 
in a much more favorable position to judge the prejudicial qualities of the answer. Moberg v. State, 385 So.2d 77
(Ala.Cr.App. 1980); Chambers v. State, 382 So.2d 632
(Ala.Cr.App.), cert. denied, 382 So.2d 636 (Ala. 1980);McAllister v. State, 44 Ala. App. 511, 214 So.2d 862 (1968);Evans v. State, 42 Ala. App. 587, 172 So.2d 796 (1965).
Since a motion for mistrial implies a miscarriage of justice, it should only be granted where it is clearly manifest that justice cannot be afforded. Diamond v. State, 363 So.2d 109
(Ala.Cr.App. 1978); Crouch v. State, 53 Ala. App. 261,299 So.2d 305, cert. denied, 292 Ala. 718, 299 So.2d 312 (1974); Section12-16-233, Code of Alabama 1975. A mistrial does not serve the same function as a mere objection or motion to strike. It rectifies such fundamental error in a trial as to vitiate the result. Diamond, supra; Thomas v. Ware, 44 Ala. App. 157,204 So.2d 501 (1967).
The statement in this case is not serious enough to warrant a mistrial. The alleged prejudicial remark did not relate to the guilt or innocence of the defendant. Even remarks directly relating to the innocence or guilt of the defendant — the ultimate issue at trial — can readily be cured by the judge's instruction to the jury to disregard. Hall v. State,375 So.2d 536 (Ala.Cr.App. 1979); Johnson v. State, 378 So.2d 1164
(Ala.Cr.App.), writ quashed, 378 So.2d 1173 (Ala. 1979); Kentv. State, 367 So.2d 508 (Ala.Cr.App.), writ denied,367 So.2d 518 (Ala. 1978); Thigpen v. State, 369 So.2d 508 (Ala.Cr.App.), writ denied, 369 So.2d 297 (Ala. 1978).
 II
State's witness, Clarence Edward Peak, was a nephew of the deceased. On direct examination, the following occurred:
"Q. What kind of man was he?
"A. Well he was a nice fellow to me.
"Q. Did he help people out and do things?
"A. Yes."
Defense counsel only objected after the answers had been given. He also asked that these remarks be excluded. The trial judge sustained objection and instructed the jury to disregard the remarks.
The defendant contends that he should have been allowed to rebut this evidence of good character by showing that the deceased had been convicted of a crime. The defendant relies on the doctrine of curative admissibility.
 "Curative Admissibility is a doctrine which holds that if a party introduces illegal evidence, his opponent has the unconditional right to rebut such evidence with other illegal evidence. The rule is applicable even if the opponent failed to object to the original illegal or inadmissible evidence. A limitation upon this doctrine is the rule that the illegal rebuttal evidence may be admitted only to the extent that it cures the effect of the admission of the first illegal evidence. If, for example, a party introduces evidence of a hearsay conversation then his opponent has the right to introduce only so much of the remainder of the conversation as rebuts that portion first offered." C. Gamble, McElroy's Alabama Evidence, Section 14.01 (3rd ed. 1977).
The doctrine of curative admissibility is limited to the extent that it cures the effect of the admission of the first illegal evidence. Hall v. State, 375 So.2d 536 (Ala.Cr.App. 1979). Since the testimony of victim's nephew was limited to that of deceased being a "nice guy" to the nephew and helped people out and did things, any rebuttal or curative testimony would have to be restricted showing that the victim was not a "nice guy" and did not "help out people and do things." Since a crime of moral turpitude would do little to rebut such testimony, it would have been inappropriate for the judge to have let such unrelated prior acts in evidence.
To support his position, the defendant cites Caylor v. State,353 So.2d 8 (Ala.Cr.App. 1977), where it was held reversible error for the State to introduce evidence of the good character of the victim. In that case the State introduced testimony of victim's good character by showing that the *Page 731 
victim "wouldn't start any trouble." This was reversible because the error went to a material matter in the trial where self-defense was a central issue. In Caylor, evidence of the good character of the victim related to the key issue at trial — whether the defendant was justified in taking the life of the victim.
 "`No principle of the law seems better settled than that "on a trial . . . for murder, where the character of the deceased had not been assailed by the defendant, it is not competent for the state to introduce evidence to show that the character of the deceased was good . . . for peace and quiet."'"
In the present case the evidence that the victim was a "nice guy" does not allow any inference on the issue of self-defense.
Here, defense counsel allowed the evidence of the good character of the victim to be placed before the jury before raising any objection. After defense counsel allowed this evidence in, the trial judge sustained the objection and instructed the jury to disregard. The defendant has no cause to complain because he failed to properly object before the witness answered the questions. Van Antwerp v. State,358 So.2d 782 (Ala.Cr.App.), cert. denied, 358 So.2d 791 (Ala. 1978).
 III
The defendant contends that the verdict of the jury was against the great weight of the evidence. The defendant claimed self-defense and introduced evidence supporting such, mostly supplied by her own testimony. She claims that her testimony "proves" the elements of self-defense. The State introduced evidence that the victim, Otha Burwell, came into the house and went to his bedroom to take a nap; that the defendant asked Clarence Peak if he had seen Burwell and Peak told her no; that the defendant appeared intoxicated; that about fifteen minutes later noise was heard coming from Burwell's bedroom; that Peak than heard the defendant say she was going to kill Burwell; that Peak ran into the house and saw the defendant stabbing Burwell; and that Burwell did not have a weapon on or around him.
Since the evidence presented by the State and defendant conflicted, a jury issue was presented. The jury, in carrying out its duty and purpose, chose to believe the State's evidence. Based on the above evidence contained in the record, this Court has no authority to interfere with the verdict of the jury.
A careful search of the record reflects no error injuriously affecting the substantial rights of defendant. The judgment of conviction is affirmed.
AFFIRMED.
All Judges concur.