ON REMAND FROM THE UNITED STATES SUPREME COURT
TAYLOR, Judge.
This court affirmed appellant's conviction and the Alabama Supreme Court denied certiorari on January 25, 1985. White v. State, 462 So.2d 750 (Ala.Cr.App.1984), cert. denied, 462 So.2d 750 (Ala.1985). The Supreme Court of the United States had apparently granted an extension of time to petitioner James White, so that his case was pending on petition for writ of certio-rari before the United States Supreme Court at the time of the decision in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Accordingly, by order dated February 23, 1987, — U.S. -, 107 S.Ct. 1266, 94 L.Ed.2d 127, certified on March 25, 1987, and received by us on
*324 March 30, 1987, the judgment of this court was vacated and the cause remanded to us for further consideration in light of Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). By the terms of Griffith, since this case was still pending on direct appeal on the date of the decision in Batson v. Kentucky, supra, the Batson issue in the case must be addressed.
We therefore remand this case to the circuit court for it to conduct a Batson hearing in order to allow the prosecutor an opportunity to testify as to his reasons for his peremptory strikes of black members of the venire, and for the court to decide whether he has presented sufficiently “race-neutral” explanations. The trial court shall promptly file a return with this court containing the evidence at this hearing and the trial court's finding following the hearing, so that we may review same.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
This case has been returned from remand. The case was remanded in order that the circuit court might conduct a hearing in accordance with the principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). The court proceeded to comply with the requirements established in those cases by the Supreme Court.
Our own state Supreme Court has, within the past month, released an opinion in the case of Ex parte Branch, [Ms. 86-500, Sept. 18, 1987] (Ala.1987). The court’s decision in Branch reviewed in detail the holding of the Supreme Court of the United States in Batson, supra, and the Alabama Supreme Court’s own holding in Ex parte Jackson, 516 So.2d 768 (Ala.1986). In Branch, our Supreme Court set out some general guidelines to be followed by the lower courts of this State in the implementation of the mandates in Batson and Jackson. The Supreme Court then remanded Branch to this court with instructions for us to remand the case to the trial court so as to allow the trial judge to again review the proceedings conducted before him using the guidelines set out in its opinion.
We read the opinion in Branch to require that the guidelines set out in that decision be applied in all cases containing a Batson issue. Consequently, we consider that it is necessary for the trial court in the instant case to apply these new guidelines in determining whether the State’s explanations of the reasons for its exercise of its peremptory challenges were racially neutral.[1] Accordingly, it is incumbent upon us to again remand this case to the trial court with instructions for the court to once more review the proceedings conducted before it, this time using the guidelines set out in Ex parte Branch, supra. “In carrying out this responsibility, [the trial court] may or may not conduct an additional hearing at which either party would be allowed to introduce evidence to show the bona fides, or lack thereof, of the State’s peremptory challenges. The defendant, although not required to do so, may want to show, if he can, a ‘pattern’ of the use by the State of peremptory challenges in cases.” Ex parte Branch, supra, at 28.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
ON SECOND RETURN TO REMAND
The circuit court has determined after a Batson hearing that the judgment and sentence in this case should be set aside and *325 the case restored to the docket of the circuit court and set for new trial.
The appeal is therefore dismissed as moot.
APPEAL DISMISSED.
All the Judges concur.

. Our independent review of the neutral explanations given by the prosecution, as well as other facts before the trial court, gives us great concern. While it is true that strikes based on "age" are sometimes relevant, such strikes are "group-based” strikes. Similarly, the prosecution indicated that the young black males were struck from the jury because of their age and sex, but failed to strike white jurors of the same age and sex. Branch, supra, at 21, indicates that the prosecution’s use of its strikes in such a manner will be looked upon with great suspicion.