PATTERSON, Judge.
Malikah Akbar Shabazz appeals her conviction for murder, her subsequent sentence to life imprisonment without parole, and the order that she pay $6,913.50 in restitution and $2,161.00 to the victims’ compensation fund. Shabazz raises four issues on appeal. However, because this judgment must be reversed and the case remanded for a new trial, we need address only the issue requiring reversal.
Shabazz contends that the trial court erroneously admitted evidence of prior bad acts. At a jury trial, Shabazz was found to have killed the victim by stabbing him. During the state’s case-in-chief, the trial court allowed the prosecution to present evidence showing that on three prior occasions, Sha-bazz had engaged in violent conduct. None of these prior acts involved the victim in this case; and each of these prior acts occurred seven to eight years before the events leading to this trial.
In Caylor v. State, 353 So.2d 8 (Ala.Cr.App.1977), cert. quashed, 353 So.2d 11 (Ala.1978), the appellant was convicted of murder. Like Shabazz, Caylor appellant entered a plea of self-defense. At trial, the prosecution was allowed to show that, on a prior occasion, Caylor appellant had shot at a person other than the victim. This court reversed the trial court’s judgment, holding:
“It is a basic and fundamental principle of evidence that in a murder prosecution, it is not permissible to show a difficulty between the accused and a third person not connected with the victim or the offense. Johnson v. State, 265 Ala. 360, 91 So.2d 476 (1956); Stain v. State, 273 Ala. 262, 138 So.2d 703 (1962); Mainor v. State, 348 So.2d 1083 (Ala.Cr.App.1977)....
“The state is not allowed to supply the intent to kill one victim by showing that the defendant had assaulted a third party on another unrelated occasion. While proof of other offenses is sometimes admissible as exceptions to the general rule barring admissibility, this is not one of the exceptions. Proof that the appellant shot at another in no way shows plan, scheme, or intent to kill the deceased or any of the other exceptions to the general rule.
“In cases where the evidence presents an issue of self-defense, the defendant as well as the state may prove the fact of a prior difficulty between the defendant and the deceased. Wright v. State, 252 Ala. 46, 39 So.2d 395 (1949). However, this rule of evidence does not embrace a prior difficulty between the appellant and a third party....”
353 So.2d at 10.
The facts in this case are materially indistinguishable from Caylor on this issue. Therefore, the judgement must be reversed and the ease remanded to the trial court for a new trial.
REVERSED AND REMANDED.
All Judges concur.