KELLUM, Judge,
dissenting.
In Horton v. State, 217 So.3d 27 (Ala.Crim.App.2016), this Court explained:
“We recognize that in Alabama ‘[i]t is a basic and fundamental principle of evidence that in á murder prosecution, it is not permissible to show a difficulty between the accused and a third person not connected with the victim or the offense.’ Caylor v. State, 353 So.2d 8, 10 (Ala.Crim.App.1977). ‘ “However, where their connection with the offense sufficiently appears, evidence of prior [or subsequent] difficulties between [the] accused and a third person is admissible.” ’ Hellums v. State, 549 So.2d 611, 614 (Ala.Crim.App.1989) (quoting 40 C.J.S. Homicide § 209 (1944)) (emphasis omitted). The test to be applied in determining whether a defendant’s threat to Mil a person other than the murder victim is admissible ‘is whether there was a reasonable and sufficient connection between the threat to the third person and the Mlling.’ State v. Ramirez, 116 Ariz. 259, 266, 569 P.2d 201, 208 (1977).”
217 So.3d at 50. In Horton, we held that the defendant’s threat to shoot anyone who did not help him get out of jail and to burn their houses down was admissible under Rule 404(b), Ala. R. Evid., as evidence of the defendant’s consciousness of guilt. Specifically, we held that there was a sufficient connection between the defendant’s threat and the murder for which the defendant was on trial because the threat in *1250 volved the same unique circumstances as the murder.
In this case, I believe there was a sufficient connection between Brandon Yates’s threat to kill Stacy Pittman and the shooting for which Yates was on trial to render Yates’s threat admissible' under Rule 404(b) as evidence of his intent to aid and abet Melton Crosby in the shooting. Yates made the threat to kill Pittman while he was speaking to Crosby about retribution for a perceived wrong to Yates (Pittman’s allegedly stealing Yates’s clothes). Similarly, the shooting for which Yates was on trial as an accomplice to Crosby occurred shortly after another perceived wrong to Yates (Tyris,Miller’s allegedly not paying..sufficient attention to Yates during a conversation they had just before the shooting). , I agree with .the State’s argument in its brief that the conversation ..between Yates and Crosby , established the relationship between Crosby and Yates as cohorts willing to aid each other in criminal endeavors and, thus, that it was relevant to the issue whether Yates intended to promote or assist the shooting by procuring, inducing, or causing Crosby to commit the shooting and/or by aiding or abetting Crosby in- the shooting. Additionally, based .on the whole of the record, I believe that evidence establishing that Yates and Crosby were willing to assist each other when necessary to “right” a perceived wrong was reasonably necessary to the State’s. case to' establish Yates’s accomplice liability in the shooting.
Therefore, I respectfully dissent.